UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| RICK FREDERICKS,      ) | |
| ) | |
| Plaintiff,      ) | Case No. 1:12-cv-1234 |
| ) | |
| v.      ) | Honorable Janet T. Neff |
| ) | |
| COMMISSIONER OF      ) | |
| SOCIAL SECURITY,      ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant.      ) | |
| _____) | |

   This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits.  On June 3, 2014, this court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.  The matter is now before the court on plaintiff's application for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.  (docket # 24).  Defendant does not oppose the motion.  For the reasons set forth herein, I recommend that plaintiff's motion be granted in part and denied in part, and that a judgment be entered in plaintiff's favor in the amount of $3,350.00.

**Discussion**

The EAJA provides in relevant part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A); *see Astrue v. Ratliff*, 560 U.S. 586, 591-93 (2010). The Sixth Circuit has identified three conditions which must be met to recover attorney's fees under the EAJA: (1) the claimant must be a prevailing party; (2) the government's position must be without substantial justification; and (3) there are no special circumstances which would warrant a denial of fees. *See DeLong v. Commissioner*, 748 F.3d 723, 725 (6th Cir. 2014). Plaintiff is a prevailing party under this court's judgment remanding this matter to the Commissioner. *See Shalala v. Schaefer*, 509 U.S. 292, 298 (1993). Plaintiff is a financially eligible person under the EAJA. Defendant offers no special circumstances which might warrant denial of fees and has made no attempt to satisfy the burden of demonstrating that the government's position was substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414 (2004); *Peck v. Commissioner*, 165 F. App'x 443, 446 (6th Cir. 2006). Plaintiff is entitled to an award of attorney's fees under the EAJA.

    **1.**    **Hours Claimed**

The United States Court of Appeals for the Sixth Circuit has cautioned lower courts against "rubber stamping" EAJA fee applications. *See Begley v. Secretary of Health & Human Servs.*, 966 F.2d 196, 200 (6th Cir. 1992). The EAJA requires "an itemized statement from [the] attorney . . . representing or appearing in behalf of the party stating the actual time expended and the

rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). Plaintiff seeks compensation for 34.30 hours in attorney time. (docket # 25-3, ID# 939).

Generally, a reasonable expenditure of time for representation of a party seeking judicial review of the Commissioner's final administrative decision denying claims for DIB and SSI benefits is in the range of 15-to-30 hours. *Nichols v. Commissioner*, No. 1:09-cv-1091, 2012 WL 1189764, at * 2 (W.D. Mich. Mar. 19, 2012) (collecting cases). "Unlike other types of civil cases in which the amount of discovery alone often creates wide variability in litigation hours, the vast majority of social security appeals conform to a relatively narrow range of hours because they involve a largely settled area of law, require no discovery, and follow a precise briefing schedule . . . ." *Crim v. Commissioner*, No. 1:11-cv-137, 2013 WL1063476, at * 4 (S.D. Ohio Mar. 14, 2013). The hours claimed by plaintiff are excessive for this simple case. The bulk of the hours plaintiff claims appear in the block billing entries for unspecified "research" and work on plaintiff's brief on three days in April 2013. This case did not involve any novel or complex legal questions. Arguments based on the "treating physician rule" appear in almost every brief challenging a final administrative decision denying claims for DIB or SSI benefits. The length of the administrative record was unexceptional. Twenty-four hours, three full eight-hour days of attorney time, is the upper limit of a reasonable time to review this administrative record, conduct whatever legal research was necessary, and prepare and file plaintiff's briefs and the present motion for attorney's fees. I recommend that plaintiff's attorneys receive credit for 24 hours reasonably expended in representing plaintiff in this matter.

### 2. Hourly Rate

The EAJA generally caps the hourly rate for attorney's fees at $125 per hour. 28 U.S.C. § 2412(d)(2)(A). "[T]he statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health & Human Servs.*, 781 F.2d 545, 547 (6th Cir. 1986). Plaintiff seeks to recover at a rate of $175.00 for work performed in this court. (docket # 25-2, 927). The requested rate is well above the statutory cap. The EAJA specifies that "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Supreme Court has determined that the statutory $125 per hour cap applies "in the mine run of cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).

"In requesting an increase in the hourly-fee rate, [p]laintiff[] bear[s] the burden of producing appropriate evidence to support the requested increase." *Bryant v. Commissioner*, 578 F.3d 443, 450 (6th Cir. 2009). Plaintiff's attorney argues that he should receive an increased hourly rate based on inflation and the Consumer Price Index. In *Bryant*, the Sixth Circuit held that this was not sufficient evidence to carry the plaintiff's burden. *Id.* at 450; *accord O'Neal v. Commissioner*, No. 1:08-cv-723, 2011 WL 445936, at * 2 (W.D. Mich. Jan. 27, 2011) (Maloney, C. J.) ("[T]his court is bound by *Bryant*, where the Sixth Circuit found that evidence of inflation, supported by the CPI, by itself, does not justify an increase in EAJA's statutory fee cap.").

No consensus has emerged in this court regarding whether the State Bar of Michigan's Economics of Law Practice Survey is sufficient evidence to justify a departure above the statutory $125 per hour cap to an hourly rate of up to $175 per hour. *Compare Troyer v. Commissioner*, No. 1:12-cv-759, 2014 WL 834109, at * 2 (W.D. Mich. Mar. 4, 2014) ($125 per

hour) *with Shellman v. Commissioner*, No. 1:13-cv-959, 2014 WL 1875107, at * 2 (W.D. Mich. May 8, 2014) ($175 per hour). However, the decision whether to make any adjustment within this relatively narrow range of hourly rates would appear to fall well within this court's discretion. *DeLong v. Commissioner*, 748 F.3d at 725. Here, I find that compensation at, but not above, the statutory cap provides reasonable compensation for the work performed before the court. (*see* docket #s 13, 20, 24, 25). Multiplying the 24 hours reasonably expended by counsel by the $125 per hour rate results in a $3,000.00 total. Plaintiff is entitled to an award of EAJA attorney's fees in the amount of $3,000.00 for the reasonable attorney's fees expended in this matter.

### 3.   District Court Filing Fee

Plaintiff paid the $350.00 filing fee. He seeks an award of $350.00 in costs under the EAJA. Recovery of the civil filing fee is appropriate. *See* 28 U.S.C. § 2412(a)(1); *see also Ford v. Commissioner*, No. 1:12-cv-1031, 2013 WL 5538784, at * 1 (W.D. Mich. Oct. 8, 2013); *Pennington v. Commissioner*, No. 1:12-cv-775, 2013 WL 3834391, at * 5 (W.D. Mich. July 24, 2013).

### 4.   Judgment

Plaintiff asks that the EAJA award be made payable to plaintiff's attorneys. (docket # 25 at ID# 922). The EAJA provides in pertinent part that the court shall award fees "to a prevailing party." 28 U.S.C. § 2412(d)(1)(A). Thus, any judgment entered for EAJA attorney's fees must be entered in plaintiff's favor. *See Astrue v. Ratliff*, 560 U.S. at 591-93. Any agreements entered into between plaintiff and counsel are not part of this closed case and cannot be injected into it at this juncture. There is a significant potential for conflict among plaintiff, his creditors, and his attorney with regard to the EAJA fees. "The EAJA does not legally obligate the Government to pay

a prevailing litigant's attorney, and the litigant's obligation to pay h[is] attorney is controlled not by the EAJA but by contract and the law governing that contract." *Astrue v. Ratliff*, 560 U.S. at 599 (Sotomayor, J. concurring). Plaintiff's contractual obligations to his attorney are not part of this case.

### Recommended Disposition

For the reasons set forth herein, I recommend that the court enter an order granting plaintiff's motion in part and denying it in part, and that the court enter a judgment in plaintiff's favor against defendant in the amount of $3,350.00.

Dated:  July 25, 2014  /s/  Joseph G. Scoville
United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).